UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE EDGER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20 CV 397 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

On June 22, 2016, movant Joe Edger pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). On August 18, 2016, he pleaded guilty in a separate case to conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o). The cases were consolidated for sentencing. On March 9, 2018, I sentenced Edger to consecutive terms of imprisonment aggregating 360 months. Alleging error in sentencing, Edger appealed the judgments. The Eighth Circuit Court of Appeals affirmed, *United States v. Edger*, 924 F.3d 1011 (8th Cir.), and the Supreme Court denied certiorari, 140 S. Ct. 420 (2019). Edger then filed a 23-count motion to vacate under 28 U.S.C. § 2255, which I denied on March 2, 2023. On May 15, 2023, the Eighth Circuit denied Edger's application for certificate of appealability. He now moves for relief from final judgment in the closed § 2255

case under Fed. R. Civ. P. 60(b)(6). I will deny the motion.

A court may relieve a party from a final judgment under Rule 60(b)(6) for "any [] reason that justifies relief." In closed § 2255 actions, however, courts must be mindful of movants couching successive habeas claims as requests for relief under Rule 60(b), because a federal prisoner may file a second or successive § 2255 motion only after obtaining authorization to do so from the appropriate United States Court of Appeals. *Boyd v. United States,* 304 F.3d 813, 814 (8th Cir. 2002) (per curiam); 28 U.S.C. § 2244(b)(3). If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the . . . motion to the Court of Appeals." *Boyd*, 304 F.3d at 814. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." *United States v. Lambros,* 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion that merely alleges a defect in the integrity of the habeas proceedings is not a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (Rule 60(b) motion challenging district court's previous ruling on statute of limitations was not the equivalent of a successive habeas petition). A Rule 60(b) motion is also not a successive § 2255

motion if it "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or as an attack on the "federal court's previous resolution of the claim on the merits." *Id.* at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief[.]" *Id.* at 532 n.4.; *see also Blackwell v. United States*, No. 4:99-CV-1687 CAS, 2009 WL 3334894, at *4 (E.D. Mo. Oct. 14, 2009) (*Gonzalez* applies to motions to vacate under § 2255). When a Rule 60(b) motion presents a claim, the motion must be treated as a second or successive habeas petition.

In his Rule 60(b) motion here, Edger challenges my ruling on Grounds 2, 3, 4, 11, 13, 17, and 19 of his 23-count motion to vacate.  I ruled Grounds 2, 3, 4, 11, and 13 on their merits.  I must therefore treat Edger's effort to reassert the merits of those claims as a successive § 2255 motion to vacate.  As to Ground 17, I dismissed the claim as procedurally defaulted; I dismissed Ground 19 as having been waived by Edger's plea agreement.  In his Rule 60(b) motion, however, Edger reargues the merits of those claims and substantively addresses the federal grounds on which he asserts his conviction and sentence should be vacated.

Because Edger continues to seek resolution on the merits of Grounds 17 and 19 instead of any defect in the integrity of the § 2255 proceedings, those claims are likewise successive. *Gonzalez*, 545 U.S. at 533.

In the circumstances of this case, I must treat Edger's Rule 60(b) motion as a successive motion to vacate under 28 U.S.C. § 2255. Because Edger has not obtained certification from the Eighth Circuit Court of Appeals to file a successive motion to vacate, his Rule 60(b) motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant Joe Edger's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) [37] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2024.